## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT LONDON

### CIVIL ACTION NUMBER _____

**In Re: The Estate of Brian Keith Bennett**          **PLAINTIFF/DECENDENT**

**WANDA ELLEN BENNETT,** Individually and as the mother          **PLAINTIFF/VICTIM**
of Brian Keith Bennett and as Representative of the Estate
of Brian Keith Bennett, DECEASED

**and**

**MICHAEL KEITH BENNETT,** Individually and as the son of          **PLAINTIFF/VICTIM**
Brian Keith Bennett and as Representative of the Estate of
Brian Keith Bennett, DECEASED

**V.**

**WARDEN C. GOMEZ**          **DEFENDANT**
In his Official and Individual Capacities
USP McCreary
330 Federal Way,
Pine Knot, KY 42635
Ph: 606-354-7000

**UNKNOWN S.I.S LIEUTENANT**          **DEFENDANT**
In his/her Official and Individual Capacities
USP McCreary
330 Federal Way,
Pine Knot, KY 42635
Ph: 606-354-7000

**UNKNOWN MEDICAL STAFF**          **DEFENDANT(S)**
In Their Official and Individual Capacities
Or In Their Private Person Capacities
USP McCreary
330 Federal Way,
Pine Knot, KY 42635
Ph: 606-354-7000

**UNKNOWN PRISON STAFF**                                         DEFENDANT(S)
In Their Official and Individual Capacities
Or In Their Private Person Capacities
USP McCreary
330 Federal Way,
Pine Knot, KY 42635
Ph: 606-354-7000

**UNKNOWN PRISON INMATE(S)**                                     DEFENDANT(S)
In Their Private Person Capacities
330 Federal Way,
Pine Knot, KY 42635
Ph: 606-354-7000

**WARDEN DONALD HUDSON**                                         DEFENDANT
In his Official and Individual Capacities
USP Leavenworth
1300 Metropolitan Ave.
Leavenworth, KS 66048
Ph: 913-682-8700
Fax: 913-578-1010

**S.I.S LIEUTENANT RICHIE**                                      DEFENDANT
In her Official and Individual Capacities
USP Leavenworth
1300 Metropolitan Ave.
Leavenworth, KS 66048
Ph: 913-682-8700
Fax: 913-578-1010

**UNKNOWN MEDICAL STAFF**                                        DEFENDANT(S)
In Their Official and Individual Capacities
Or In Their Private Person Capacities
USP Leavenworth
1300 Metropolitan Ave.
Leavenworth, KS 66048
Ph: 913-682-8700
Fax: 913-578-1010

**UNKNOWN PRISON STAFF**                                         DEFENDANT(S)
In Their Official and Individual Capacities
Or In Their Private Person Capacities
USP Leavenworth

2

Doc ID: da1ad87ca65aa0af001a2da5082a32a641f12306

1300 Metropolitan Ave.
Leavenworth, KS 66048
Ph: 913-682-8700
Fax: 913-578-1010

**UNKNOWN PRISON INMATE(S)**                                    **DEFENDANT(S)**
In Their Private Person Capacities
USP Leavenworth
1300 Metropolitan Ave.
Leavenworth, KS 66048
Ph: 913-682-8700
Fax: 913-578-1010

**UNKNOWN PERSON(S)**                                           **DEFENDANT(S)**
In their Official and Individual Capacities
Or In Their Private Person Capacities
Federal Bureau of Prisons
Designation & Computational Center
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051
GRA-DSC-PolicyCorrespondence@bop.gov
Ph:  972-352-4400
Fax: 972-352-4395

Kristen Clarke                                                  **DEFENDANT**
In her Official and Individual Capacities
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, Northwest
Washington, DC 20530

---

## PLAINTIFFS' ORIGINAL COMPLAINT
## JURY TRIAL REQUESTED

---

COMES NOW Wanda Ellen Bennett, Plaintiff/Victim, individually as the mother and

as the personal representative of the Estate of Brian Keith Bennett, deceased, and

3

Doc ID: de1ad87ee65ee0ef001a3de5082e22e644f12206

Michael Keith Bennett, Plaintiff/Victim, individually as the son of Brian Keith Bennett, deceased and hereby files this Original Complaint against all known and all currently unknown Defendants in this matter, and for cause would show this Honorable Court as follows:

## I.    NATURE OF THE ACTION

1.    This is an action brought by the Plaintiffs against medical Defendants, acting under the color of federal law in violation of the deceased rights under the Eighth Amendment of the United States Constitution resulting from inhumane deliberate indifference to the medical needs of Brian Keith Bennett to his broken arm, that ultimately contributed to his murder, unable to defend himself from his attacker(s) on March 6, 2021.

2.    This is an action brought by the Plaintiffs against the Defendants, acting under the color of federal law in violation of the deceased rights under the Eighth Amendment of the United States Constitution resulting from inhumane deliberate indifference to the safety needs of Brian Keith Bennett, by not keeping him in the Separate Housing Unit (SHU) where he had been placed for his protection from threats of harm to him by members of gangs, that directly lead to the murder of the deceased Brian Keith Bennett, on March 6, 2021.

3.    This is an action brought by the Plaintiffs against the Defendants, acting under the color of federal law in violation of the deceased rights under the Eighth Amendment of the United States Constitution resulting from inhumane deliberate indifference to the safety needs of Brian Keith Bennett, by transferring Mr. Bennett to USP McCreary, a maximum-security prison with violent gang members, violent murderers, and

4

violent terrorists, on or around January, 2021, even though Brian Keith Bennett was a non-violent, medium risk inmate, lacking the required points for a maximum security prison, resulting in his murder on March 6, 2021.

4.  This is an action brought by the Plaintiffs against inmate(s) acting as private Defendants, in violation of Brian Keith Bennett's civil rights under the Constitution of Kentucky, and Kentucky's personal injury statutes, that participated in the murder of Brian Keith Bennett on March 6, 2021.

5.  This is an action brought by the Plaintiffs against unknown staff members who may have been employed as and acted as private Defendants, not acting under the color of federal law but in violation of Brian Keith Bennett's civil rights under the Constitution of Kentucky, and Kentucky's personal injury statutes, that resulted in the murder of Brian Keith Bennett on March 6, 2021.

6.  Staff means any employee of the Bureau of Prisons or Federal Prison Industries, Inc. 28 CFR § 500.1, including, but not limited to medical persons, guards, clerical persons, and administrators.

7.  Staff may also mean persons employed under private corporations or companies, under some form of contract, with the United States Bureau of Prisons, functioning in multiple possible employment capacities.

8.  An amended complaint is likely to be needed as the Defendants have not been forthcoming as to an FBI investigation or an internal Bureau of Prisons (BOP) with current fact knowledge gained from letters from the decedent to his family of his fear of gangs, medical negligence, and frustrations being sent to a maximum-security prison,

5

all of which came to fruition as he feared, when he was murdered in USP McCreary.

9.     The Plaintiffs are willing to mediate for just compensation of their losses if the parties can agree to do so, and after discovery of facts determined by FBI and BOP investigations.  The Plaintiffs have evidence and facts they believe may be useful for a complete and just investigation of the loss of a son and father, Brian Keith Bennett, deceased.

## II.  PARTIES

10.     Plaintiff Wanda Ellen Bennett is a person of the full age of majority and a resident of Havana, Mason County, Illinois, and the mother and the personal representative of the Estate of Brian Keith Bennett, deceased.  Mrs. Bennett is a qualified victim due to the murder of her son, while serving as an inmate under the protection of the Federal Bureau of Prisons (BOP).

11.     Plaintiff Michael Keith Bennett is a person of the full age of majority, and a resident of Edenburg, Christian County, Illinois, the son and the personal representative of the Estate of Brian Keith Bennett, deceased, and qualified victim due to the murder of his father, Brian Keith Bennett, while serving as an inmate under the protection of the BOP.

12.     Defendant Donald Hudson, Warden of the United States Prison (USP) Leavenworth in Leavenworth County, Kansas, charged with the protection of deceased inmate Brian Keith Bennett, whose mother, Plaintiff Wanda Ellen Bennett was extorted for $60,000 to $100,000 paid to gang members for the "protection" of Brian Bennett. Defendant Hudson was also charged with providing adequate and timely medical care of

6

the decedent, and protection from gang members indicating they intended to do harm to the decedent, Brian Keith Bennett, and other inmates.

13.     Defendant S.I.S Lieutenant Richie is the individual charged with preparing an accurate report sent to the Designation & Computational Center, located in Grand Prairie, Texas for a decision as to what federal prison decedent Brian Keith Bennett and other inmates would be transferred to from USP Leavenworth.

14.     Defendant(s) Unknown Medical Staff is/are the individual(s) charged with maintaining the health and well-being of all prison inmates at USP Leavenworth, in their Official, Individual, or Private Person capacities that should be identified with more specificity at a later time in this matter.

15.     Defendant(s) Unknown Prison Staff is/are the individual(s) charged with guarding or other staff duties, while maintaining the safety and well-being of all prison inmates at USP Leavenworth, in their Official, Individual, or Private person capacities that should be identified with more specificity at a later time in this matter.

16.     Defendant(s) Unknown Prison Inmate(s) is/are institutionalized persons who are serving prison sentences for crimes allegedly committed, who engaged in gang activity or otherwise engage in violent behavior to others, while serving time at USP Leavenworth in their private capacities.

17.     Defendant C. Gomez, Warden of USP McCreary, Pine Knot, McCreary County, Kentucky was charged with the protection and health of decedent Brian Keith Bennett, whose broken arm was diagnosed on or around February 3, 2021, with no treatment upon Brian's murder on March 6, 2021 after being unexpectedly released from

7

Doc ID: da1ad87ca65ca0af001a3da5082a32a641f12306

the SHU where he was being protected from threats of harm by inmate gang members.

18.     Defendant(s) Unknown Medical Staff is/are the individual(s) charged with maintaining the health and well-being of all prison inmates at USP McCreary, in their Official, Individual, or Private Person capacities that should be identified with more specificity at a later time in this matter.

19.     Defendant(s) Unknown Prison Staff is/are the individual(s) charged with guarding or other staff duties, while maintaining the safety and well-being of all prison inmates at USP McCreary, in their Official, Individual, or Private person capacities that should be identified with more specificity at a later time in this matter.

20.     Defendant(s) Unknown Prison Inmate(s) is/are institutionalized persons who are serving prison sentences for crimes allegedly committed, who engaged in gang activity or otherwise engage in violent behavior to others, while serving time at USP McCreary in their private person capacities.

21.     Defendant(s) Unknown Person(s) in their Official, Individual, or Private Person capacities are those individuals charged with reviewing and/or determining which Federal Prison inmates are to be transferred, while employed at the Federal Bureau of Prisons, Designation & Computational Center at the Grand Prairie (Texas) Office Complex.

## III.  JURISDICTION AND VENUE

22.     Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 as this action is brought under, inter alia, the Eighth Amendment of the United States Constitution as a *Bivens-Davis-Carlson* action, to redress the deprivation of rights,

8

privileges and immunities guaranteed to decedent Brian Keith Bennett, by constitutional and statutory provisions, deprived by federal employees acting under the color of federal law. There is no meaningful statutory remedy for punitive damages and compensatory damages from individual federal officers for their constitutional violations under the Federal Tort Claims Act (FTCA) and other statutes.

23. Jurisdiction *may* exist in this Court pursuant to the FTCA, Title 28, chapter 171 (Sec. 2671 et seq.), 28 U.S.C. § 1346(b), 28 C.F.R. §§ 14.1-14.11, *after* administrative remedies are exhausted at a later date, on or before March 6, 2023, if the evidence should show a valid cause of action under this federal remedy in addition to the *Bivens* action. The Plaintiffs *may* at that time seek permission to amend this Complaint, as this act waives United States sovereign immunity and authorizes suits for money damages to be brought against the United States for some types negligent acts or omissions or intentional misconduct by federal employees. At this time administrative remedies have not been exhausted.

24. The Plaintiffs further invoke the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the Commonwealth of Kentucky pursuant Kentucky Revised Statutes (KRS) Chapter 411, et seq, KRS Chapter 413 et seq, and KRS Chapter 344 et seq for private person inmates and any possible non-federal staff.

25. Jurisdiction may exist pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

26. Venue is proper in this court because the causes of action occurred within

9

the Eastern District of Kentucky, Southern Division, McCreary County, Kentucky, when decedent Brian Keith Bennett suffered a diagnosed, but untreated broken arm that still existed upon his murder on March 6, 2021 by yet unidentified persons, while incarcerated at USP McCreary, Kentucky.

## IV. FACTS

27.    The official Kentucky Certificate of Death for Brian Keith Bennett filed on May 5, 2021, Case # E202103100084, gave the immediate cause of death as blunt force injuries of the head due to assault by another inmate at the McCreary Federal Prison. The manner of death was ruled a homicide and an autopsy was performed and the autopsy findings were available to complete the cause of death.  The injury occurred on March 6, 2021 around 1420 resulting in immediate death.  There are additional post-death documents in the possession of the Plaintiffs' attorney.

28.    It should be noted that neither the FBI, the U.S. Attorney's Office, or the Bureau of Prisons have provided the Plaintiffs any factual information as of the filing of this matter.  Much of the factual information are from letters from the decedent Brian Keith Bennett to Wanda Ellen Bennett and Michael Keith Bennett.    These letters describe inhumane treatment and fear for his safety and life by the decedent, that ultimately proved to be true when he was murdered while in custody at USP McCreary on March 6, 2021.

29.    On or around November 19, 2020, decedent Brian Keith Bennett believed he would soon be home after serving most of his 10-year sentence in a letter to his mother, Wanda Ellen Bennett.  At this time, Brian was housed at in the Separate Housing Unit (SHU) at USP Leavenworth in Kansas. The Leavenworth SHU was overflowing so

10

Doc ID: dc1cd87cc65cc0cf001c2dc5082c22c644f12206

there would be approximately 62 transfers to other prison facilities. The decedent was hoping to be transferred to USP Marion, a medium security prison for the rest of his sentence, as the conditions at USP Leavenworth was widely considered extremely rough. In addition, several in that SHU, including the decedent, had contracted COVID-19, which led to reduced rights of the inmate population.

30. On or around November 25, 2020, the decedent learned from other prisoners who gained access to his personnel files, that he would be transferred to MCR. Brian Keith Bennett was extremely upset as S.I.S. Lieutenant Richie was supposed to put "keep separate from gangs" on his file, so he could be sent to a gang-free prison such as Marion, Illinois, Coleman, Florida, or Terre Haute, Indiana for his safety. The decedent was particularly afraid of 3 gangs – Aryan Circle, Skin Heads, and A.B.T. plus named specific individuals in these gangs. Brian Keith Bennett also indicated he only had 22 points, and 23 points and up were needed to be transferred to a maximum-security prison. Officials at USP Leavenworth were aware that these gangs had a hit out on the decedent. Brian Bennett was angry that Lt. Richie had falsely wrote wrong information on his transfer report. In this same letter to his mother, the decedent described he was supposed to first have two surgeries while at USP Leavenworth for a shoulder rotator cuff injury and his broken arm which should have delayed any transfer.

31. Prior to November 26, 2021, these gangs obtained the decedent's address book, and contacted Plaintiff Wanda Ellen Bennett, claiming they were calling for the decedent, wanting money. The decedent also indicated that these gangs had stolen his clothes, bowls, and headphones. In this letter Brian Bennett pleaded to contact his case-

11

Doc ID: da1ed87an65aa0af001a3da5083a33-641618000

manager, Mr. Harvey, and that prison officials knew of the threats to his safety since October 5, 2020. He was considering getting an attorney at this time and warned his mother to get a new home phone but not give out the number to anyone. There is a mention that Brian Bennett helped S.I.S. with "some things".

32.    On or around December 1, 2020, decedent Bennett, expressed his fear of going to USP McCreary, the need for a Leavenworth, Kansas attorney who would take his case on a [contingency basis] because a) an unnamed prison staff had neglected his broken arm for 8-9 months; b) not telling the truth he had gang members after him who would stab him; c) prison officials were ignoring his fears; d) he was not maximum-security material; and e) he was denied a B.P. (grievance form). He wanted Central region to know that he was being denied his grievance form and denied the opportunity to discuss his concerns.

33.    On or around December 2, 2020, decedent Bennett complains that once again [staff] did not come for him to get an X-ray, stating "Neglect, Neglect, Neglect." He indicates [an unnamed] cell mate from Granite City, Illinois could verify his claims. Mr. Bennett indicated he had written Health Care and let them know about his untreated injuries. He describes the injury as a knot on his arm, that looks freakish, way-off, cannot rotate his wrist because the two bones of his arm catch when they cross over, needing surgery. The decedent believed he should go public through a lawyer to expose jeopardizing safety and lives, and witnesses from his wing where the gangs were located would confirm his claims.

34.    On December 14, 2020 decedent Bennett wrote his mother from USP

12

Leavenworth giving her the correct address and phone number for the Grand Prairie, Texas Designation Center urging his mother to immediately contact this center. He learned from a friend named Julio who just came from USP McCreary of the many violent offenders housed at this maximum-security prison, and stated these offenders would come after the decedent. He was convinced that Lt. Richie did not indicate separation from the general population in the SHU, as Grand Prairie would not have designated the decedent for transfer to USP McCreary. Brian Bennett indicated he could not contact Grand Prairie, and asked his mother to contact Lt. Richie at USP Leavenworth about the gangs, Aryan Circle, Skin Heads, and A.B.T., who intended to harm him. The decedent foresaw his own possible demise and wanted his mother to inform Lt. Richie that she knew of these facts, and that Plaintiff Wanda Bennett had received threatening calls. The decedent indicated he had received two x-rays to be sent to an outside doctor, but had yet to be given an M.R.I. Mr. Bennett again stated he was not a violent offender and had never been given any violent reprimand tickets, while still wanting a gang-free prison. The decedent would be unable to call until February.

35. Letter of December 16, 2020, Brian Bennett to his son Michael Bennett from (USP) Leavenworth. "I'm in the hole! Might be here a while? They are trying to send me to 'McCreary' a maximum in Kentucky. I'm fighting it cuz I done nothing to warrant such a transfer. I have no violence in my record. A dirty UA for Xanas and one for some moonshine. But nothing to send me to a 'pen' w/all gang members & lifers." "Also, I broke my arm (left) last March in two spots. They never even set it. They just casted it due to the pandemic & now it looks like I've got a second elbow right above my wrist where it was

13

broke. And repeat, two breaks! So now I'm 'suppose' to be taken out to outside hospital for surgery from here?"

36.    On or around December 29, 2020, decedent Brian Keith Bennett was informed by prison staff to pack up as he was leaving USP Leavenworth on the 7th of January, 2021. Mr. Bennett questioned this stating that a Mr./Ms. Miers had not quarantined him yet for the required 21 days. The unnamed staff person stated he did not think the B.O.P. cared, he let's them figure it out, Bennett was on his list, he was packing Bennett our and just doing his job. Decedent Bennett indicated he would be the first to leave USP Leavenworth without a COVID 19 test or being in quarantine. Mr. Bennett asked his mother to contact the Regional Office, care of the Director in Kansas. The decedent complained his writing in the letter was sloppy because his wrist was not cooperating that morning. Brian Bennett indicated he had talked to a Lt. Larson with his issues, and that Lt. Larson stated he would talk to Lt. Richie about getting the decedent re-designated to a new safe place because Bennett should not be going to a maximum prison because he only had 22 points. He indicated his case manager, a Mr. Clark, had done this incorrect classification as well. Mr. Bennett hoped he would go to the Oklahoma City Transport Center so he could call his mother and he could be re-designated somewhere else other than USP McCreary, again indicating he was supposed to be in a medium security prison, not a maximum security prison. A Mr. Viscon, Health Care Administrator, who was not a physician said he would "try" to get a medical hold on the decedent, but the S.I.S. or the Lt. could override it. Mr. Viscon observed Mr. Bennett's arm, untreated for 10 months, and observed the huge knot on the arm.

14

Doc ID: da1ad87ea65aa0af001a3da5083a22a644f12206

37.    On or around January 19, 2021 decedent Brian Keith Bennett indicated he was in the SHU at USP McCreary in Kentucky until he has a hearing.  He was still afraid of specific members of the Aryian Circle and A.B.T. gangs, particularly if he was placed in the general prison population.  Mr. Bennett was to speak to the S.I.S. Lieutenant again soon.  If "they" decided he was a threat to security, prison officials would ship him out again in 60-90 days.  On January 21, 2021 the decedent described seeing a psychology lady, Miss Fields who said she would mention to the S.I.S. Department about getting him into possible programs at the Thompson Prison in Illinois, but his remaining time to serve was until 2023 which may have been too short to complete some of these programs.  He also described the gang situation.  Mr. Bennett stated his wrist was killing him.

38.    On or around January 26, 2019 indicated he was out of books, so he now was reading the Bible.  Decedent Bennett described how the USP McCreary S.I.S. will want you to go out into the general prison population from a SHU, you either comply or you will stay in the SHU for another 6 months.  Ms. Fields had talked to S.I.S. who felt due to his problems at Leavenworth, it was too risky to send Mr. Bennett out into the general prison population.  Brian received a 5K-1 because his lawyer had him help prison staff in another matter.  The decedent described how they used a string with toothpaste to pass a book from one cell to another, because USP McCreary prison staff would not do this, unlike USP Leavenworth.  In protective custody (P/C) the decedent only got 2-15 min phone calls.  Brian was suffering deep remorse for his past and promised never to return to prison again.  While talking to an inmate across the hall described stabbings and beatings with a padlock by natural life prisoners, and the situation was worse than

15

Leavenworth. If S.I.S. wants him to go out into the general population, he had better go. He again discussed his concerns with Ms. Fields who wrote down everything. There was a notation on this letter by Wanda Bennett that his arm still had not been fixed.

39.    On or around January 27, 2021 decedent Bennett stated he feared he would be placed back into the general prison population either Friday or Monday and it was weighing heavily on his mind. His wrist hurts and he is nervous. Mr. Bennett could not see how the staff would put him out in the general population, but said it was the pen. The decedent says there is little he could do about anything.

40.    In Brian Bennett's February 1. 2021 letter he indicates he must buy clothes and shoes. The decedent told his mother, Wanda Bennett, to pay his cellie's sister, Monica $250 who lived in Texas, because she lent him some money in a process called cash aping.

41.    On or around February 6, 2021 Mr. Bennett spent much of the letter addressing a January 24, 2021 phone call by Kyle to Bennett's mother and the problems this call seemed to cause. Brian was concerned that certain papers had fallen into the wrong hands, making it likely he would be jumped other inmates. Did not want to walk into his cell and get jumped by 3-4 guys if back into the general population. Someone named Jason Golden (Goldie) apparently called Wanda Bennett and said Brian Bennett was OK. The fights the decedent observed were not fair fights, but slaughters. Brian's and Jason's cell were in the back 40 where no c/o could hear them. But the C/O's don't care anyway. There was a lengthy discussion about money requests to Wanda.

42.    The Plaintiffs' reserve the right to amend this complaint to include additional

16

correspondences between the decedent Brian Keith Bennett and Wanda Ellen Bennett, Michael Keith Bennett and others, known to exist between February 6, 2021 and February 27, 2021, and any other unknown correspondences as facts in this matter.

43.    In Brian Bennett's February 27, 2021 letter to his son, Michael Bennett, the decedent indicated his left arm had been broken in March, 2020, but never healed properly, stating his arm is all f****d-up, crooked and does not work anymore.  Brian further states he again broke that same arm again 3 weeks ago, but at that time [medical staff] had not even put it in a cast; his health was not good anymore, and he had lost all of his muscle.  Decedent Bennett described stabbings he feared, that they were common [at USP McCreary], and he did not want to die.

44.    In Brian Bennett's February 28, 2021 letter to his son, Michael Bennett, the decedent indicated his arm was x-rayed February 3, 2021 and was broken.  He was promised to be sent to an outside hospital, but this never happened, and the [med people] never came to see him again.  Decedent Bennett was in the SHU because of his cellmate from Oklahoma who was an Universal Aryan Brotherhood gang member.  This cellmate had stabbed 5 black guys and 3 white guys according to Brian who stated he was not supposed to be even around gang members.  Decedent Bennett stated if he had a bat he would kill his cellmate because he been prevented from talking to S.I.S. and feared for his life.

45.    March 1, 2021 Brian Bennett letter to Wanda Bennett.  Mr. Bennett describe his arm injury "hurts like the dickens" and he had been complaining 2-3 times a week, but those in the [USP McCreary] SHU get ignored.  On February 4, 2021 [staff] promised to

17

take him to an outside hospital in 30 days to get a cast for his arm, would do new labs on his liver, and give treatments to cure him. He could not feel his thumb and two fingers on the same hand that was broke. He was positive he had suffered nerve damage. No coronavirus shots, no vaccine. Decedent Bennett had been told he and his cell mate would be kicked out of the SHU the next day. Mr. Bennett was happy to be getting away from that cell mate, but worried about going out of this area because they [gangs] would jump him. The decedent stated he might make it a day or a week, but the gangs would do their homework and find out about [USP] Leavenworth. He indicated that at Leavenworth his lawyer, Adam Giganto, had decided to have Brian testify and there would be paper work in his files regarding that. Decedent Bennett feared these gangs would beat him with a lock, as he had seen done to two other inmates at [USP McCreary]. He said he was told old to take a beating like that. Brian stated he might not make it a day once released from he SHU.

46.    March 4, 2021, the last letter written by decedent Brian Bennett. Mr. Bennett indicated [USP McCreary] was "really crazy/dangerous"; he was not going to stabbed or beat; he was "no sex offender, no rat" and he did not deserve to be put through any B.S. He was pretty sure he would have to go back to the SHU and felt he would be safe there. But [unnamed staff] wanted "all paper work now". Mr. Bennett believed if he had to go to the SHU he would be moved within 2-3 months to either Terre Haute, Indiana or Thompson, Illinois. The decedent indicated this would be his last summer before being released. Brian Bennett stated he hated being in this crazy environment, but knew [he] could not stay there. He would be on borrowed time if he stayed there too long!

18

47. After the murder of decedent Brian Keith Bennett, USP McCreary warden C. Gomez sent his condolences in a letter dated March 8, 2021 to Plaintiff Wanda Bennett. Warden Gomez indicated Mr. Bennett died at the Big South Fork Medical Center, in Oneida, Tennessee, on March 6, 2021. Mr. Gomez further stated that "preliminary results indicate the cause of death as suspicious circumstances and the matter is under investigation." As of the date of the filing of this cause of action herein, the Plaintiffs and their attorney have no idea what individual(s) conducted the investigation and the results are unknown.

48. On March 9, 2021, the day after decedent Bennett was murdered, his cell mate, Don Fessler wrote a letter to Plaintiff Wanda Bennett as to what he had observed in the four days they had been cell mates. Mr. Fessler indicated there was some things she should have her attorney contact him regarding things she needed to know, but he could not write them down. Mr. Fessler indicated the decedent had a badly broken arm, a splinter fracture that had zero medical treatment for over 30 days. It looked as though bone was coming out of his arm. Mr. Fessler stated the medical there [USP McCreary] was the worst he had ever seen, and he had been waiting for a hip replacement for a year, that the ortho surgeon said needed done in 3 weeks. Mr. Fessler indicated that Brian Bennett did not even have a change of clothes when [staff] put Brian into Mr. Fessler's cell. Mr. Fessler claimed he gave Brian his shoes and fed him every day. Mr. Fessler stated "[Brian] was tortured, mistreated, then killed, pure and simple."

49. The Bureau of Prisons, its wardens, staff, and medical staff failed and still fails to adequately protect federal inmates from harm to their health and safety in violation

19

of inmates Eighth Amendment Constitutional Rights and other statutory rights.

50.    The Bureau of Prisons, its wardens, staff, and medical staff permitted and still permits dangerous gangs to rule many prisons, putting non-violent inmates at severe risk for physical harm and mental distress.

51.    USP Leavenworth warden Donald Hudson and/or his successor and/or his predecessors knew or should have known that decedent Brian Keith Bennett was under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eighth Amendment Constitutional rights and other statutory rights.

52.    USP Leavenworth S.I.S. Lieutenant Richie and/or her successor and/or her predecessors knew that decedent Brian Keith Bennett was under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eighth Amendment Constitutional rights and other statutory rights.

53.    USP Leavenworth S.I.S. Lieutenant Richie and/or her successor and/or her predecessors knew or should have known that decedent Brian Keith Bennett lacked the necessary number of points, violent actions, and other normal causes to justify an inmate referral to a maximum security prison where inmates were/are under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eighth Amendment Constitutional rights and other statutory rights.

54.    Unknown USP Leavenworth medical staff knew or should have known that

20

decedent Brian Keith Bennett's arm was broken, had not healed properly, and needed additional medical treatment, yet failed to provide timely medical treatment necessary in violation of Brian Keith Bennett's Eighth Amendment rights under the United States Constitutional and other statutory rights.

55.    Unknown USP Leavenworth prison staff knew or should have known that decedent Brian Keith Bennett's arm was broken, had not healed properly, and needed additional medical treatment, yet failed to provide timely referrals to medical staff for medical treatment necessary in violation of Brian Keith Bennett's Eighth Amendment rights under the United States Constitutional and other statutory rights.

56.    Unknown Grand Prairie, Texas, Bureau of Prison's staff knew or should have known that decedent Brian Keith Bennett lacked the necessary number of points, violent actions, and other normal causes to justify an inmate referral to a maximum security prison where inmates were/are under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eighth Amendment Constitutional rights and other statutory rights.

57.    Unknown Grand Prairie, Texas, Bureau of Prison's staff knew that decedent Brian Keith Bennett was under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eighth Amendment Constitutional rights and other statutory rights.

58.    Unknown Grand Prairie, Texas, Bureau of Prison's staff knew or should have known that decedent Brian Keith Bennett's arm was broken, had not healed properly, and needed additional medical treatment, yet failed to provide timely medical

21

treatment necessary in violation of Brian Keith Bennett's Eighth Amendment rights under the United States Constitutional and other statutory rights.

59. USP McCreary warden C. Gomez and/or his successor and/or his predecessors knew or should have known that decedent Brian Keith Bennett was under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eighth Amendment rights under the United States Constitution and rights under other statutes.

60. USP McCreary unidentified S.I.S. Lieutenant(s) knew or should have known that decedent Brian Keith Bennett was under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eight Amendment Constitutional rights and other statutory rights.

61. USP McCreary unidentified S.I.S. Lieutenant(s) knew or should have known that decedent Brian Keith Bennett lacked the necessary number of points, violent actions, and other normal causes to justify an inmate referral to a maximum security prison where inmates were/are under threat of harm from gangs and failed to take reasonable actions to protect the decedent from harm in violation of Brian Keith Bennett's Eight Amendment Constitutional rights and other statutory rights.

62. Unknown USP McCreary medical staff knew or should have known that decedent Brian Keith Bennett's arm was broken, had not healed properly, and needed additional medical treatment, yet failed to provide timely medical treatment necessary in violation of Brian Keith Bennett's Eight Amendment rights under the United States Constitutional and other statutory rights.

22

63.     Unknown USP McCreary prison staff knew or should have known that decedent Brian Keith Bennett's arm was broken, had not healed properly, and needed additional medical treatment, yet failed to provide timely referrals to medical staff for medical treatment necessary in violation of Brian Keith Bennett's Eight Amendment rights under the United States Constitutional and other statutory rights.

## COUNT 1

64.     The Plaintiffs incorporate by reference paragraphs 1 through 63 as if fully set forth herein.  The Bureau of Prisons, under the direction of the Office of the Attorney General, Department of Justice; Warden C. Gomez of USP McCreary; USP McCreary medical staff; and other USP McCreary staff failed to provide suitable quarters and provide for the safekeeping, care, and subsistence of the decedent, Brian Keith Bennett, pursuant to 18 U.S. Code § 4042, by failing to timely and properly treat injury to the decedent's broken arm during the year 2020, knew decedent's arm had been examined and found severely broken on or around February 3, 2021, while never being sent to a treating medical facility prior to his death on March 6, 2021, and in violation of decedent's Eighth Amendment rights pursuant to the Constitution of the United States of America.

## COUNT 2

65.     The Plaintiffs incorporate by reference paragraphs 1 through 64 as if fully set forth herein.  The Bureau of Prisons, under the direction of the Office of the Attorney General, Department of Justice; Warden C. Gomez of USP McCreary; and other USP McCreary staff failed to provide suitable quarters and provide for the safekeeping, care, and subsistence of the decedent, Brian Keith Bennett, pursuant to 18 U.S. Code § 4042

23

resulting in blunt force trauma to decedent's head, causing his death on March 6, 2021 by homicide by other persons and in violation of decedent's Eighth Amendment rights pursuant to the Constitution of the United States of America.

## COUNT 3

66.     The Plaintiffs incorporate by reference paragraphs 1 through 65 as if fully set forth herein.  The decedent, Brian Keith Bennett was placed in the Special Housing Unit (SHU) by an administrative detention status pursuant to 28 CFR § 541.22(a) to ensure his safety and security from threats of harm from gang-related and other individuals in the general population.

Contrary to 28 CFR § 541.22(a) the decedent, Brian Keith Bennett was removed from the SHU by McCreary Prison staff and placed into the general prison population. Soon thereafter, the decedent was murdered by yet unidentified individual(s) in violation of his civil rights guaranteed by the Constitution of the United States of America, Amendment VIII, prohibiting the infliction of cruel and unusual punishment while in the custody of the United States Bureau of Prisons.

## COUNT 4

67. The Plaintiffs incorporate by reference paragraphs 1 through 66 as if fully set forth herein. Prison supervisors at every level failed to properly train subordinates in recognizing health and safety issues that placed the Decedent Brian Keith Bennett and other inmates in unnecessary harm's way, in violation of civil rights guaranteed by the Constitution of the United States of America, Amendment 8 and other statutory laws.

24

## PUNITIVE/EXEMPLARY DAMAGES

68.    The Plaintiffs incorporate by reference paragraphs 1 through 67 as if fully set forth herein.  Additionally, and in the alternative, the conduct of Defendants was done with malice.  As such, the Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future.  In the alternative, such heedless and reckless disregard of Brian Keith Bennett's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment.  Such unconscionable conduct goes beyond ordinary negligence, and as such the Plaintiffs request punitive and exemplary damages awarded against the Defendants, in a sum of not less than $5,000,000 (Five million dollars), or in a maximum sum which is within the jurisdictional limits of this court.

## SURVIVAL ACTION

69.    The Plaintiffs incorporate by reference paragraphs 1 through 68 as if fully set forth herein.

70.    Plaintiff Wanda Ellen Bennett is the Representative for the estate of Brian Keith Bennett, the decedent.

71.    Brian Keith Bennett died as a result of the Defendants' wrongful conduct.

72.    Brian Keith Bennett would have been entitled to bring this action against the Defendants if he had lived.

73.    The decedent's right of action for the inhumane wrongful conduct by not timely treating a known broken arm, housing with no shoes or clothing, and for his murder against the Defendants survive in favor of heirs, legal representatives, and the estate of the deceased.

Doc ID: da1ed87aa65aa0af001a3da5082a22a644f12206

74.    The Defendants are liable to the Plaintiffs for the loss of Brian Keith Bennett's life, pain and suffering, and the violation of his civil rights.  The Plaintiffs seek compensation as set forth more specifically in the section of the Complaint entitled "Damages"

## WRONGFUL DEATH

75.    The Plaintiffs incorporate by reference paragraphs 1 through 74 as if fully set forth herein.

76.    By reason of Defendants' deliberate indifference by failing to keep Brian Keith Bennett safely confined in the SHU, with known threats of imminent death or serious bodily harm to the decedent, the Defendants are liable for damages.

77.    Inhumane treatment of decedent Brian Keith Bennett after being released from the SHU against his will, had no shoes and clothes, and his cell mate had to provide these to him.

78.    Inhumane treatment by not timely treating decedent Brian Keith Bennett's broken arm, after it was confirmed to be broken, approximately five weeks before his death.

79.    The Defendants conduct that caused Brian Keith Bennett's death was a producing cause of Brian's injury, which resulted in the following damages: loss of a family relationship, love, support, services, emotional pain and suffering, and for the acts and infliction of emotional distress caused by the wrongful killing of Brian Keith Bennett.

80.    The Plaintiffs seek compensation as set forth more specifically in the section of this Complaint entitled "Damages".

26

## DAMAGES ALL DEFENDANTS

81.    The Plaintiffs incorporate by reference paragraphs 1 through 80 as if fully set forth herein. The Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by the Plaintiffs and the decedent:

   a. Actual damages;

   b. Loss of affection, consortium, comfort, financial assistance, protection affection and care;

   c. Pain and suffering and mental anguish suffered by Brian Keith Bennett prior to his death;

   d. Mental anguish and emotional distress suffered by the Plaintiffs;

   e. Loss of quality of life;

   f. Funeral and burial expenses;

   g. Loss of service;

   h. Loss of future earnings and contributions to the Plaintiffs;

   i. Exemplary and punitive damages as well as costs of the court;

   j. The Plaintiffs should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

   k. Prejudgment interest; and

   l. Post judgment interest.

82.    Plaintiff seeks unliquidated damages in an amount that is with the jurisdictional limits of the court.

27

## COSTS AND ATTORNEY FEES

83.    The Plaintiffs incorporate by reference paragraphs 1 through 82 as if fully set forth herein.  The Plaintiffs ae entitled to an award of attorney fees and costs.  As such, the Plaintiffs requests the Court to award costs and attorney fees incurred in the Plaintiffs' prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

84.    The Plaintiffs incorporate by reference paragraphs 1 through 83 as if fully set forth herein.  The Plaintiffs will show that the Defendants were jointly and severally liable for the gross negligence and deliberate indifference, which was the proximate cause of the Plaintiffs' injuries.

## CONDITIONS PRECEDENT

85.    The Plaintiffs reserve their right to plead and prove the damages to which they are entitled at the time of trial.  All conditions to the Plaintiffs' recovery have been performed, or have to occurred, or will be complete for some matters at the exhaustion of administrative remedies.

## TRIAL BY JURY

86.    Plaintiffs have paid a jury fee and demand at trial by jury.

## PRAYER

WHEREFORE, the Plaintiffs pray the Defendants be cited to appear and answer; that upon final trial hereof the Plaintiffs have and recover judgment from the Defendant; actual damages, punitive damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other further

28

relief; both general and special, at law and in equity, to the Plaintiffs are justly entitled.

Respectfully Submitted,

*/s/ James G. Noll*
James G. Noll, Esq. (KBA #87509)
James Noll Law
331 York Street Newport, KY 41071
859-663-5900
James@JamesNollLaw.com

## VERIFIED COMPLAINT

I am Wanda Ellen Bennett a plaintiff in this matter. I hereby aver and affirm that all statements set forth in the foregoing Complaint are true and accurate to the best of my knowledge and belief.

**FURTHER. AFFIANT SAYETH NOT.**

*Wanda Ellen Bennett*

Wanda Ellen Bennett

Commonwealth of Kentucky    )
                            )    SS
County of Campbell          )

Subscribed, sworn to, and acknowledged to be a true and voluntary act before me by

Wanda Ellen Bennett this 6th day of March, 2022

My commission expires: 8 / 12 / 2023

NOTARY PUBLIC, STATE AT LARGE

I am Michael Keith Bennett a plaintiff in this matter. I hereby aver and affirm that all statements set forth in the foregoing Complaint are true and accurate to the best of my knowledge and belief.

**FURTHER. AFFIANT SAYETH NOT.**

_____
Michael Keith Bennett

| | | |
|---|---|---|
| Commonwealth of Kentucky | ) | |
| | ) | SS |
| County of Campbell | ) | |

Subscribed, sworn to, and acknowledged to be a true and voluntary act before me by

Michael Keith Bennett this 6th day of March, 2022

My commission expires: ___8/12/2023___

_____
NOTARY PUBLIC, STATE AT LARGE