UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| IN RE: THE ESTATE OF BRIAN KEITH BENNETT, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| C. GOMEZ, WARDEN, *et al.*, | ) ) ) |
| Defendants. | ) |

No. 6:22-CV-45-REW-HAI

OPINION & ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

Previously, Donald Hudson, Tina Ritchie, and Christopher Gomez (collectively, "Defendants") filed a motion to dismiss the present action—brought by the Estate of Brian Keith Bennett, Wanda Ellen Bennett, and Michael Keith Bennett (collectively, "Plaintiffs")—under Federal Rule of Civil Procedure 12(b)(6). *See* DE 49 at 3–8. The Court granted that motion in part, retaining Plaintiffs' Eighth Amendment claims insofar as they alleged that Defendants were deliberately indifferent to Brian Bennett's serious medical needs. *See* DE 56 at 7–9, 11–13. Defendants then filed another Rule 12(b)(6) motion, arguing that Plaintiffs had failed to adequately plead their remaining Eighth Amendment claim. *See* DE 59 at 2–3. The Court agreed, concluding that the Complaint did not meet the governing plausibility standard. *See* DE 67 at 4–5. As a result, the Court dismissed the Complaint with prejudice and struck the matter from the active docket. *See* DE 68. Plaintiffs did not appeal.

Exactly one year later, Plaintiffs filed the instant motion seeking relief from the Court's judgment under Federal Rule of Civil Procedure 60(b). *See* DE 77. In their 24-part submission, Plaintiffs contend that they are entitled to relief on account of the Court's legal errors, certain

newly discovered evidence, Defendants' alleged discovery misconduct, and their counsel's deficient performance and subsequent abandonment. *See generally* DE 77-1. Defendants responded in opposition to the motion, *see* DE 78, and Plaintiffs filed a reply in which they raised several entirely different Rule 60(b) arguments, *see* DE 80. Finding that most of Plaintiffs' claims are untimely and that Plaintiffs have failed to produce clear and convincing evidence establishing that they are entitled to relief, the Court DENIES DE 77.

## I. BACKGROUND

Brian Keith Bennett was tragically murdered by other inmates while incarcerated at USP McCreary in Pine Knot, Kentucky. *See* DE 1 ¶¶ 27–28, at 10. Around one year after his death, Plaintiffs initiated the present action. *See generally id.* In their Complaint, they alleged that Defendants—along with a number of other unnamed staff members and inmates—contributed to Brian Bennett's death by failing to maintain his safety or otherwise harmed him by failing to provide adequate medical care. *See id.* ¶¶ 64–67, at 23–24. Wanda Ellen Bennett and Michael Keith Bennett (Brian's mother and son, respectively) also joined the action through a wrongful death claim.[1] *See id.* ¶ 75–80, at 26.

Since then, this case has taken a circuitous procedural journey. For the purpose of deciding the instant motion, the Court notes four particular steps along the way. First, Defendants' initial Rule 12(b)(6) motion. *See* DE 49. In it, they asserted that Plaintiffs could not invoke a *Bivens*-style implied right of action or establish a legitimate reason for extending *Bivens* to a novel context pursuant to *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). *See id.* at 3–8. The Court granted Defendants' motion in part, finding that Plaintiffs' failure to protect claim was indeed flawed as a *Bivens* theory. *See* DE 56 at 7–9. The Court did, however,

---

[1] The Complaint also stated that Wanda Bennett is the representative of Brian Bennett's estate. *See* DE 1 ¶ 70, at 25.

permit Plaintiffs to proceed on their theory that Defendants had been deliberately indifferent to Brian Bennett's serious medical needs, finding that they could rely on a *Bivens*-style implied right of action pursuant to both *Carlson v. Green*, 100 S. Ct. 1468 (1980), and *Estelle v. Gamble*, 97 S. Ct. 285 (1976). *See* DE 56 at 11–13.

Second, Defendants' subsequent Rule 12(b)(6) motion. *See* DE 59. In their motion, Defendants argued that Plaintiffs had failed to plead adequate facts to recover against any of them on the remaining *Carlson*/*Estelle* claim. *See id.* at 2–3. The Court agreed, finding that the Complaint was insufficient on account of Plaintiffs' inability, as a matter of law, to recover against Defendants under a respondeat superior theory of liability and on account of their complete failure to "allege . . . direct action, direct involvement, or [a] factual role, relative to the medical management of [Brian] Bennett, by the named Defendants." *See* DE 67 at 4–5. As a result, the Court dismissed Plaintiffs' final claim. *See id.*

Third, Defendants' motion to stay discovery. *See* DE 60. Shortly after filing their second Rule 12(b)(6) motion, Defendants moved for a stay, arguing that further discovery was unnecessary given that the case was likely going to be resolved by answering the purely legal question of whether Defendants were immune from Plaintiffs' suit for money damages. *See id.* at 2. United States Magistrate Judge Hanly A. Ingram recommended the Court to grant the stay, *see* DE 64 at 2–3, and over Plaintiffs' objections, *see* DE 65, the Court did so while simultaneously dismissing Plaintiffs' remaining claims, *see* DE 67 at 5–6.

Fourth, attorney James G. Noll's motion to withdraw. *See* DE 69. Noll, citing irreconcilable differences, moved to terminate his representation of Plaintiff Wanda Ellen Bennett about one month after the Court's entry of the judgment. *See id.* In a supplemental filing, Noll asserted that Wanda Ellen Bennett had spurned his services in favor of Michael Creusere, a senior

paralegal who had "insert[ed] himself into th[e] case."[2] *See* DE 72. Noll also attached a letter that he had sent to Wanda Bennett notifying her of his intent to withdraw. *See* DE 72-1. Around that same time, Creusere—no longer in Noll's employment—filed a brief on Plaintiffs' behalf, leveling a series of accusations against Noll and requesting the Court to set aside its dismissal. *See* DE 71; DE 71-2. In a single Order, the Court resolved Noll's motion, denied Creusere's request, and referred the latter's filing to the Kentucky Bar Association for an assessment of whether Noll had committed wrongdoing and/or whether Creusere had engaged in the unauthorized practice of law. *See* DE 74. Soon after, Wanda Bennett sent a then-moot letter to the Court requesting that Noll terminate his representation of her and Brian Bennett's estate. *See* DE 75.

Back to the present. On August 2, 2025, exactly one year after the Court entered its judgment, Plaintiffs filed the immediate Rule 60(b) motion through their new attorney, John L. Caudill. *See* DE 77. The memorandum supplementing the motion is, to put it bluntly, messy. *See* DE 77-1. But generally, it appears that Plaintiffs are relying on some combination of Rule 60(b)(1), (2), (3), and (6). *See id.* at 1–6, 10–15, 20–24; DE 80 at 2–5. They effectively argue that they are entitled to relief on account of the Court's misinterpretation of the applicable law, newly discovered video evidence, allegations of various discovery misconduct, and Noll's deficient performance and subsequent abandonment. *See* DE 77. Defendants filed a response in opposition, arguing that Plaintiffs' motion is untimely and that Plaintiffs are unable to prevail on any one of their Rule 60(b) theories. *See* DE 78. Plaintiffs then filed a similarly jumbled reply. *See generally* DE 80. The matter is now ripe for the Court's decision.

---

[2] The Court treats Noll's arguments with great suspicion, given the facts it has already recounted in the separate action brought under the Federal Tort Claim Act. *See Bennett v. United States*, No. 6:24-CV-31 (E.D. Ky. filed Nov. 25, 2024), at DE 29.

4

**II.     LEGAL STANDARD**

Under Rule 60(b), a party may request the Court to relieve it "from a final judgment, order, or proceeding" by any one of six discrete paths. FED. R. CIV. P. 60(b). Four of these paths include: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud (whether . . . intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; and (4) "any other reason that justifies relief."[3] *Id.* 60(b)(1)–(3), (6).

Crucially, Rule 60(b) relief should not be granted freely. *See Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) ("Relief under Rule 60(b) is the exception, not the rule, and we are guided by the constraints imposed by a 'public policy favoring finality of judgments and termination of litigation.'" (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992))). Rather, Rule 60(b) provides "an extraordinary remedy . . . granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Shop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (quoting *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). This strict standard is "essential if the finality of judgments is to be preserved." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1620 (2025) (quoting *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649 (2005)). In light of this standard, the movant bears the burden of demonstrating "grounds for . . . relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)).

Rule 60(b) grounds are intended to "attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the . . . proceedings."

---

[3] The other two paths are available when: (1) "the judgment is void"; and (2) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(4)–(5). Neither one of these two even arguably applies here.

5

*Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (quoting *Gonzalez*, 125 S. Ct. at 2648). This means that parties may not generally raise "arguments that were, or should have been, presented on appeal." *GenCorp., Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). After all, Rule 60(b) motions are "neither a substitute for, nor a supplement to, an appeal." *Id.* (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

As a final aside, Rule 60(b) motions are subject to strict timing requirements. In no instance may a motion claiming relief under Rule 60(b)(1)–(3) be made "more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). And regardless of the specific path that a party pursues, a court should deny a Rule 60(b) motion as untimely if there was an unreasonable delay in filing. *See id.*; *see also Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363–64 (6th Cir. 1990) (citing *Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212–13 (5th Cir. 1984)). In instances where the "reason to set aside the judgment is known within the time for filing notice of appeal, a [Rule 60(b)] motion should be brought . . . during that period." *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) (citing *Barrier v. Beaver*, 712 F.2d 231, 234–35 (6th Cir. 1983)).

### III. ANALYSIS

#### A. Timeliness of the Motion

While Plaintiffs filed their motion exactly one year after entry of the judgment (and therefore, are not automatically barred from bringing their claims under Rule 60(b)(1)–(3)), most of their claims are still untimely due to unreasonable delay. Any Rule 60(b) motion must be filed within a "reasonable period of time." FED. R. CIV. P. 60(c)(1). This is a highly "fact-specific determination" that principally turns on the movant's "diligence in seeking relief." *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018) (citing *Sheppard v. Robinson*, 807 F.3d 815, 821 (6th Cir. 2015);

6

*Wright v. Warden, Riverbend Maximum Sec. Inst.*, 793 F.3d 670, 672 (6th Cir. 2015)). Other factors going to the reasonability of delay include "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief," if any. *Olle*, 910 F.2d at 365. Significantly, the Supreme Court has found an eight-month delay, measured from when the Rule 60(b) motion could have been filed to when it actually was, to be unreasonable. *See Gonzalez*, 125 S. Ct. at 2650–51. Considering that precedent, a full year of inaction will necessarily require a strong and specific justification.

Here, Plaintiffs could have brought nearly all of their Rule 60(b) challenges—including that the Court misapplied the law, that Defendants engaged in discovery misconduct, and that Noll performed deficiently and subsequently abandoned the case—within days of the Court's entry of the judgment. And when the "reason to set aside the judgment is known within the time for filing notice of appeal, a [Rule 60(b)] motion should be brought . . . during that period." *G.A.D.*, 340 F.3d at 334 (citing *Barrier*, 712 F.2d at 234–35). Plaintiffs did not do so. Instead, they waited a full year before filing the present motion. *See generally* DE 77. And while Plaintiffs argue that their delay was justified by their need to secure new counsel after Noll left their representation, *see* DE 80 at 14, the record shows that they *did* secure new representation by at least January 2025, *see Bennett v. United States*, No. 6:24-CV-31 (E.D. Ky. filed Jan. 15, 2025), at DE 33.

Plaintiffs offer no explanation for their eight months of silence or inaction, apart from Caudill's asserted "need to understand" the case. *See* DE 80 at 14. That is an insufficient explanation given the length of the delay and the motion's repetition of themes raised repeatedly in prior briefing. *See Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citing *G.A.D.*, 340 F.3d at 334) ("[A] moving party must articulate a reasonable basis for delay."). This inadequately explained period of inaction, coupled with the substantial prejudice Defendants would face if

7

forced to resume litigation more than a year after their dismissal, confirms that the bulk of Plaintiffs' claims are untimely.

But Plaintiffs' Rule 60(b)(2) argument presents a closer question. Plaintiffs assert that certain "newly discovered evidence"—specifically, video footage that they first reviewed during the sentencing of Brian Bennett's assailant and the criminal trial of his accomplice, both of which occurred in May 2025—could not have been obtained earlier. *See* DE 80 at 2–3. This less than three-month period of delay is far more reasonable. *See Stokes v. Williams*, 475 F.3d 732, 734–35 (6th Cir. 2007) (considering, but denying on its merits, a Rule 60(b)(6) motion filed about one month after the relevant denial of a writ of certiorari). Their claim under Rule 60(b)(2) is not, in the Court's assessment, time barred. And although the Court concludes that Plaintiffs' remaining claims are untimely, it will nevertheless address their merits for the sake of completeness.

### B. Merits of the Motion

On its merits, Plaintiffs' Rule 60(b) motion fails for two independent reasons. First, even after accounting for a generous gloss on their claims, Plaintiffs have not put forward clear and convincing evidence establishing that they are entitled to relief under any of Rule 60(b)(1), (2), (3), or (6). Second, and on a more fundamental level, Plaintiffs have not alleged any single ground for relief with adequate specificity.

#### 1. Plaintiffs' Asserted Grounds for Rule 60(b) Relief Are Unavailing

Neglecting the fact that they were the ones responsible for providing clarity, Plaintiffs state that "there is some uncertainty" regarding which Rule 60(b) categories apply. *See* DE 77-1 at 1. Nevertheless, Plaintiffs appear to raise Rule 60(b)(1) and (6) arguments in their motion, *see id.*, and Rule 60(b)(2), (3), and (6) arguments in their reply, *see* DE 80 at 2–5.[4] While the Court

---

[4] And as the Sixth Circuit has plainly stated, "[a]n argument raised for the first time in a reply brief will not be considered." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (citing

8

accepts that at least one of these four paths could conceivably apply in the present case, none of them in actuality do.

> i.   Rule 60(b)(1)—Judicial Mistake and Attorney Error

Plaintiffs allege two grounds on which they could obtain Rule 60(b)(1) relief. First, they argue that the Court made a mistake of law in dismissing their Eighth Amendment claims, focused particularly on the failure to protect basis. *See* DE 77-1 at 5–8, 17–24; DE 80 at 5–12; *see also Kemp v. United States*, 142 S. Ct. 1856, 1861–62 (2022) (recognizing that a court's mistake of law can form the basis for Rule 60(b)(1) relief). Second, they contend that Noll's failure to file a post-dismissal motion amounts to mistake or excusable neglect sufficient to warrant relief.[5] *See* DE 77-1 at 1–4, 13; *see McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594–95 (6th Cir. 2002) ("[I]n assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.'" (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 113 S. Ct. 1489, 1499 (1993))).

Plaintiffs' first argument fails because the Court did not commit the legal errors they identify. Although Plaintiffs insist that they should have been permitted to move forward on their *Carlson/Estelle* claim due to Defendants' deliberate indifference to Brian Bennett's serious medical needs, *see* DE 77-1 at 5–8, 17–24, they fail to cede the fact that they *were* permitted to proceed on their claim, at least initially, *see* DE 56 at 11–13.[6] For the later dismissal, the Court

---

*Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986)); *see also Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) (citing *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004)) ("We have consistently held . . . that arguments made to us for the first time in a reply brief are waived.").

[5] At least, the Court believes this is one of Plaintiffs' claims. They do, however, also state that Noll's "actions were intentional, not excusable neglect," so there is some confusion here. DE 77-1 at 2.

[6] Plaintiffs indirectly suggest that they should have been permitted to amend their Complaint. *See* DE 77-1 at 13. In support, they point to a portion of the initial pleading reading that "[a]n amended complaint is likely to be needed as . . . Defendants have not been forthcoming . . . with current fact knowledge." DE 1 ¶ 8, at 5–6. But Plaintiffs misinterpret the Court's role. If Plaintiffs wished to amend their Complaint, then they were free to attempt, by motion, to do so under the terms of Federal Rule of Civil Procedure 15. A

9

then, screening the pleadings, determined that Plaintiffs could not "recover under a theory of respondeat superior . . . [and] allege[d] no direct action, direct involvement, or factual role, relative to the medical management of [Brian] Bennett, by the named Defendants." DE 67 at 5. And while Plaintiffs broadly assert that Defendants (but mostly others at the BOP) committed various wrongs, *see generally* DE 77-1, they never grapple with that core deficiency.

Similarly, Plaintiffs' motion does not effectively challenge the Court's determination that *Egbert* forecloses any relief under their "failure to protect" claim. *See* DE 56 at 8–9. Although they tangentially address the Court's conclusion in their reply, *see* DE 80 at 11–12, they only do so to briefly state arguments they have already raised. *See Foster v. Bush*, No. 24-1337, 2024 WL 5457975, at *2 (6th Cir. Dec. 9, 2024) (citing *Tyler*, 749 F.3d at 509) (noting that movant could not "use Rule 60(b) to relitigate his case"). The Court considered the issue carefully and followed the Supreme Court's directions, and Circuit guidance, to foreclose the novel *Bivens* theory. Courts continue to recognize that Bivens does not support a claim for failure to protect against inmate violence. *See, e.g.*, *Fisher v. Hollingsworth*, 115 F.4th 197, 206–07 (3d Cir. 2024) (rejecting failure to protect theory under *Bivens* and citing to a list of "sister courts" agreeing that "recognizing a damages action for failure to protect would require an impermissible extension of *Bivens*"). Because Plaintiffs failed to allege facts sufficient to support relief on either of their claims, the Court's dismissal was not a mistake of law.

Their second argument fares no better. Plaintiffs seem to contend in their motion that Noll's failure to file a motion to alter or amend the judgment constitutes mistake or excusable neglect. *See* DE 77-1 at 1–3; *see also* FED. R. CIV. P. 59(e). In assessing attorney neglect under

---

plaintiff must state a plausible claim to open the doors to discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965–67 (2007).

10

Rule 60(b)(1), courts consider: "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). In this instance, the third factor is dispositive.[7] Plaintiffs identify no facts or aspects that would alter the Court's analysis of their Complaint, and they do not explain how a Rule 59(e) motion would have changed the Court's ultimate disposition. Without proof of a viable underlying claim, and Plaintiffs still do not reference any, attorney neglect cannot justify the amendment of a final judgment. *See Yeschick*, 675 F.3d at 628. Therefore, Plaintiffs' excusable neglect theory fails for the same reason as their mistake of law theory—they did not allege a plausible claim for relief in their Complaint.

### ii. Rule 60(b)(2)—Newly Discovered Evidence

Plaintiffs also allege, though only in their reply, that they are entitled to relief under Rule 60(b)(2) on account of "newly discovered evidence" that they could not have discovered through reasonable diligence. *See* DE 80 at 2–3. Namely, they point to video evidence showing "two guards that deserted their post giving time for" Brian Bennett's assault and murder.[8] *Id.* at 3. In order to prevail under Rule 60(b)(2), a movant must "show by clear and convincing evidence . . . that it exercised due diligence to obtain the evidence and . . . that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citing *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009)); *see also Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citing *Yachts Am., Inc. v. United States*, 779 F.2d

---

[7] The Court finds it unnecessary to consider all three given the clear lack of a meritorious claim and the fact that Plaintiffs themselves failed to discuss *any* of these factors. *See generally* DE 77-1; DE 80.
[8] While Plaintiffs attach some other evidence in their initial motion, all of that evidence was either in their possession or publicly available. *See* DE 77-3; 77-4; 77-5; 77-6. Defendants are also correct in asserting that Plaintiffs provide "little to no explanation" as to how that evidence would contribute to their attempted Rule 60(b)(2) claim. DE 78 at 11.

11

656, 662 (Fed. Cir. 1985)) ("[T]he [newly discovered] evidence cannot be merely impeaching or cumulative.").

The Court need not reach the diligence analysis. In what is now a familiar refrain, the Court reiterates that Plaintiffs' newly discovered evidence would do nothing to change their failure to state a claim upon which relief can be granted. Plaintiffs appear to argue that this video evidence would subject Defendants to individual liability on their deliberate indifference theory.[9] First, and again, the failure to protect theory exceeds *Bivens*. Further, Plaintiffs never alleged facts suggesting that Defendants were individually liable for deliberate indifference to Brian Bennett's serious medical needs. *See generally* DE 1. They cannot do so now after the Court's dismissal, particularly given that the video (and any individual guard conduct) is far removed from the actions of distinct wardens and a remote BOP person in charge of placement decisions. As a result, Plaintiffs have failed to show that their "newly discovered evidence" would yield a different outcome on the Court's Rule 12(b)(6) analysis.

### iii. Rule 60(b)(3)—Discovery Misrepresentations

Plaintiffs use much of their briefing to argue that Defendants engaged in discovery abuse (or at least misrepresentation) when failing to share relevant information, videos, witnesses, and documents in their possession. *See* DE 77-1 at 8–17; DE 80 at 3–5, 12–13. Rule 60(b)(3) allows for relief on account of "misrepresentation . . . by an opposing party." *See* FED. R. CIV. P. 60(b)(3). But a movant must demonstrate "that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold*, 538 F.3d at 455 (alteration in original) (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996)).

---

[9] Or perhaps they believe that it would assist in their failure to protect claim. However, that belief would be mistaken. As stated prior, that claim is foreclosed by *Egbert*. *See* DE 56 at 8–9.

Defendants did not commit any unfair act, as they were never obligated to produce specific discovery.[10] Shortly after Judge Ingram ordered the parties to conduct a Rule 26(f) conference, *see* DE 57, Defendants properly moved for a stay, asserting that their second—and at the time, pending—Rule 12(b)(6) motion foreclosed the need for discovery, *see* DE 60 at 1–2. Judge Ingram recommended that the Court grant Defendants' motion on account of their "argument[] that they 'had no involvement whatsoever in any medical treatment of the decedent.'" DE 64 at 2 (quoting DE 60 at 2). Judge Ingram also emphasized the Court's prior statement that there appeared to be a "grave deficiency" in Plaintiffs' Complaint—namely, their failure to state a plausible claim for relief. *See id.* (citing DE 60 at 1–2). The Court then adopted Judge Ingram's recommendation over Plaintiffs' objections, relying on the Court's broad discretion to do so and on relevant case authority, all in the face of a lacking pleading. *See* DE 67 at 6.

While Plaintiffs spend a brief portion of their reply contesting the Court's decision, *see* DE 80 at 12–13, their argument is unavailing for two reasons. First, although Plaintiffs note that a Rule 12(b)(6) motion alone is usually insufficient to stay discovery, *see id.* at 13 (citing *Baker v. Swift Pork Co.*, No. 3:15-CV-663, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015)), they do not dispute the Court's previously cited authority suggesting that a stay is often appropriate when a party contends it is immune from suit, *see* DE 67 at 6 (citing *Purvis v. Praxair, Inc.*, No. 5:19-CV-08, 2021 WL 2627384, at *2 (E.D. Ky. May 11, 2021)). Second, even if the stay had been erroneously granted, that would do nothing to suggest that Defendants themselves engaged in any kind of misrepresentation. The Court granted the sought stay after plenary briefing.

---

[10] Of course, Defendants were required to produce their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). However, nowhere do Plaintiffs allege that Defendants failed to meet their initial disclosure obligations. *See generally* DE 77-1; DE 80.

Because Defendants were not under any specific discovery obligation, it cannot be said that their failure to produce discovery amounted to misconduct. This is doubly true for any information Plaintiffs sought regarding their failure to protect claim (including information regarding Defendants' supervision of Brian Bennett and his placement at USP McCreary), *see* DE 77-1 at 8–17; DE 80 at 3–4, as the Court dismissed that claim before Judge Ingram even ordered the parties to conduct a Rule 26(f) conference. *See* DE 56 at 14.

               iv. *Rule 60(b)(6)—Attorney Abandonment and Injustice*

Finally, Plaintiffs attempt to develop a Rule 60(b)(6) argument, *see* DE 77-1 at 1–4, 13; DE 80 at 2, 4–5, asserting that Noll's deficient performance and subsequent abandonment amount to "other reason[s] that justif[y] relief." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) relief, however, is only available when "Rules 60(b)(1) through (b)(5) are inapplicable," and even then, only when "extraordinary circumstances" justify reopening the judgment. *Kemp*, 142 S. Ct. at 1861 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 108 S. Ct. 2194, 2204 n.11 (1988)). That is, Rule 60(b)(6) may only be invoked where "something more" is present—"unusual and extreme situations where principles of equity *mandate* relief." *Olle*, 910 F.2d at 365 (emphasis in original) (citing *Hopper*, 867 F.2d at 294).

Plaintiffs do exceedingly little to show that their Rule 60(b)(6) claim meets those demanding requirements. They primarily rely on a statement from *Outfront Media, LLC v. LeMaster*, No. 7:17-CV-66, 2020 WL 4582412, at *6 (E.D. Ky. Aug. 10, 2020), where the undersigned observed that "[n]eglect and abandonment by counsel have persuaded some courts to afford relief under Rule 60(b)(6)." *See* DE 77-1 at 3–4. But the authorities cited in *Outfront Media* involved different derelictions of duty, like counsel's complete failure to respond to a motion for summary judgment despite his assurance that he would do so, *see Reno v. Int'l Harvester Co.*, 115

14

F.R.D. 6, 8–9 (S.D. Ohio 1986), and counsel's neglect of a dispositive motion deadline, resulting in dismissal of the case, *see Gregson v. Metro Life. Ins.*, No. 3:13-CV-678, 2018 WL 4701854, at *5 (M.D. Tenn. June 20, 2018).

By contrast, while Plaintiffs broadly characterize Noll's performance as deficient, their only concrete allegation of abandonment concerns his failure to file a Rule 59(e) motion.[11] *See* DE 77-1 at 3–4. Missing a Rule 59(e) deadline is not comparable to missing a summary judgment deadline or dispositive motion deadline. Those latter failures directly undermine a litigant's opportunity to receive a ruling on the merits of their claims. By contrast, by the time that Noll could have filed a Rule 59(e) motion, the Court had already entered its judgment and addressed Plaintiffs' Complaint. The facts that Plaintiffs describe are troubling, to be sure, and the Court has made its pointed observations about Noll. But Rule 60(b)(6) relief is reserved for truly extraordinary attorney misconduct that results in severe prejudice. *See Olle*, 910 F.2d at 365 (citing *Hopper*, 867 F.2d at 294). Plaintiffs' allegations do not, on the particulars cited, reach that threshold.

Setting the above analysis aside, Plaintiffs' Rule 60(b)(6) claim fails for another reason. A "good claim or defense" is a precondition to awarding Rule 60(b)(6) relief. *Buck v. Davis*, 137 S. Ct. 759, 780 (2017) (citing 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2857 (3d ed. 1998)). However, as the Court previously stated when addressing their request for Rule 60(b)(1) relief, Plaintiffs have done nothing to show that a Rule 59(e) motion would change the Court's analysis of their Complaint. As such, granting Plaintiffs relief under Rule 60(b)(6) would simply be improper. The absence of a tenable claim under *Bivens* forecloses the theory.

---

[11] And deficiencies of counsel that do not arise to the serious level of "neglect" and "abandonment" must instead be considered under Rule 60(b)(1). *See McCurry*, 298 F.3d 586, 592–96 (noting that Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive categories, and it is necessary to consider granting Rule 60(b)(1) relief before granting Rule 60(b)(6) relief).

15

### 2. Plaintiffs Have Not Adequately Developed Any Ground for Relief

Even if the Court determined that the present motion was timely and conducted none of the preceding merits analysis, it would still deny relief on account of Plaintiffs' failure to claim any ground under Rule 60(b) with adequate specificity. The Sixth Circuit has long held that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the Court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)).

Here, Plaintiffs have failed to articulate the applicable and particular legal standard for any of their Rule 60(b) claims, and they have certainly failed to show how their arguments fit within those uncited standards. *See generally* DE 77-1; DE 80. Really, the Court's previous merits analysis represents its own efforts to marshal Plaintiffs' 24-part motion and 22-part reply into the applicable Rule 60(b) categories. Plaintiffs have made few, if any, efforts to do the same and explain the motion.[12] It is not the Court's responsibility to aid Plaintiffs in making their arguments. *See Kellar v. Yunion, Inc.*, 157 F.4th 855, 882–83 (6th Cir. 2025) (citing *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 896 (6th Cir. 2025)). As such, the Court also finds that Plaintiffs have waived their Rule 60(b) claims on account of their failure to offer any developed argumentation, given the taxing bar of the applicable rule.

---

[12] Their strongest efforts to do so are in the first few pages of the reply. *See* DE 80 at 1–5. But even then, these arguments are insufficiently stated, and to the extent that they were not raised in the initial motion, they are waived. *See, e.g.*, *Overstreet*, 305 F.3d at 578 (citing *Wright*, 794 F.2d at 1156); *Sanborn*, 629 F.3d at 579 (citing *Am. Trim, L.L.C.*, 383 F.3d at 477).

16

## IV. CONCLUSION

For the above-stated reasons, the Court DENIES Plaintiffs' motion for relief from the Court's judgment under Rule 60(b).  *See* DE 77.

This the 23rd day of January, 2026.

Signed By:
*Robert E. Wier*
United States District Judge